FILED
SUPERIOR COURT
OF GUAM

2021 MAR -2 PM 1: 41

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **JOEL JOSEPH, DVM,** | **CIVIL CASE NO.: CV0436-19** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| | Re: Plaintiff's Motion for Summary |
| | Judgment |
| **DYLAN MECHANICAL** | |
| **CONSTRUCTION SERVICES, INC.,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 15, 2021, upon Plaintiff's Motion for Summary Judgment. The Plaintiff, Joel Joseph, DVM, ("Joseph") is represented by Mitchell F. Thompson, Esq. The Defendant, Dylan Mechanical Construction Services, Inc., ("Dylan"), is represented by Joseph C. Razzano, Esq. For the reasons set forth below, having reviewed the moving papers of both parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgement in part and **DENIES** Plaintiff's Motion for Summary Judgement in part.

### BACKGROUND

Joseph filed a complaint in this matter on April 15, 2019. See Compl. (Apr. 15, 2019). On May 7, 2019, Dylan filed a timely answer and counter claim. See Answer and Counterclaim. (May 7, 2019). On May 9, 2019, Dylan filed an amended answer and

CV0436-19, Joel Joseph v. Dylan Mechanical Construction Services, Inc.
Decision and Order (Motion for Summary Judgment).

Page 1 of 9

counterclaim. See Amend. Answer and Counterclaim (May 9, 2019). A scheduling order was issued by the Court creating a September 20, 2019, deadline to file amended pleadings. See Scheduling Order ¶ 5 (May 24, 2019). Dylan filed a second amended answer and counterclaim on July 11, 2019. See Second Amend. Answer and Counterclaim (July 11, 2019). Joseph filed an Amended Complaint and Counterclaim on December 12, 2019, after seeking leave of this Court to do so. See First Amend. Compl. (Dec. 12, 2019); See also Pl.'s Mot. to Amend Compl. (Oct. 25, 2019). The motion was unopposed. See Non-Opp'n to Mot. to Amend (Nov. 22, 2019). Dylan filed an Answer to the Amended Complaint on December 27, 2019. Answer to Pl.'s First Amend. Compl. (Dec. 27, 2019). Joseph filed a Reply to Dylan's Amended Counterclaim on January 10, 2020. Pl.'s Reply to Def.'s Amend. Counterclaim (Jan. 10, 2020).

Joseph sought leave from the Court to file a Motion for Summary Judgment in order to narrow down the issues for trial. Min. Entry (Sept. 24, 2020). The arrangement was agreed to by Dylan and the Court allowed it. *Id.* Joseph filed a Motion for Summary Judgment on October 12, 2020. See Pl.'s Mot. for Summ. J. (Oct. 12, 2020). On November 9, 2020, Dylan filed their Opposition. See Opp'n to Pl.'s Mot. for Summ. J. (Nov. 9, 2020). On November 23, 2020, Joseph filed a reply. See Reply in Support of Pl.'s Mot. for Summ. J. (Nov. 23, 2020).

Dylan's counsel, Tim Roberts, Esq., filed a Motion to Withdraw as Counsel on December 3, 2020, which was unopposed, and granted by this Court. See Mot. to Withdraw as Counsel (Dec. 3, 2020). Dylan was given sixty (60) days to obtain new counsel and new counsel would be allowed to file motions for leave to file supplemental documents. See Min. Entry (Dec. 3, 2020). Dylan hired current counsel, Joseph C. Razzano. The parties stipulated to waive oral arguments on all outstanding motions, and the Court subsequently took this matter under advisement. See Stip. to Waive Oral Arguments (Feb. 11, 2021).

## DISCUSSION

### I.    Summary Judgment Standard

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant Summary Judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits,

if any, show that there is no genuine issue as to any material fact and that, taken in the light most favorable to the non-movant, the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). See *Izuka Corp. v. Kawasho International, (Guam), Inc.*, 1997 Guam 19 ¶ 7, 8. A genuine issue of material fact exists "if there is 'sufficient evidence' which established a factual dispute requiring resolution by the fact-finder." *Fajardo ex rel. Fajardo v. Liberty House Guam* 2000 Guam 4 ¶ 5 (*quoting Izuka Corp.*, 1997 Guam 19 ¶ 7.). A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of a suit." *Id.*

A court must draw inferences and view the evidence in the light most favorable to the nonmoving party. See *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7. See also *Castro v. Peck, dba B.B.H.S. Contracting and Standard Plytrade Corp.*, 1998 Guam 10, ¶ 7. "If the movant can demonstrate that there are no issues of material fact, the non-movant cannot merely rely on allegations . . . but must produce probative evidence." *Edwards*, 2000 Guam 27 ¶ 7. Thus, the court's "ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Izuka*, 1997 Guam 10 ¶ 8.

The issues presented in this case are: (1) whether Joseph breached the contract by failing to pay on time; (2) whether Joseph breached the contract by failing to adhere to the implied covenant of good faith and fair dealing; (3) whether Joseph is entitled to liquidated damages if the contractor abandoned the project as a matter of law; and (4) whether Joseph delayed the progress of construction in any way, thus affecting liquidated damages.

It is undisputed that a contract was entered into for "Program Management and Engineering Services" related to the construction of a dog kenneling and disposal facility. See Decl. of Joel Joseph, DMV, Ex. 4 (Oct. 12, 2020). Likewise, it is undisputed that Dylan refused to perform further services on the construction after October 22, 2018. See *Id.*, Ex. 13 (Oct. 12, 2020). Therefore, the issues before us become whether Joseph breached the contract, thereby excusing performance from Dylan and sustaining Defendant's counterclaim, and whether liquidated damages, as provided within the contract are legally and factually appropriate.

## II. Joseph Had No Obligation to Pay Installment Payments as a Matter of Law and Therefore Did Not Breach the Contract Through Untimely Payments.

Under Guam Law, when a contract is silent as to the time for performance of an act, the law imposes either a reasonable time period for performance or a deadline of immediate performance upon exact ascertainment of the thing to be done. The statute provides:

> If no time period is specified for the performance of an act required to be performed, a reasonable time period is allowed. If the act is in its nature capable of being done instantly - as, for example, if it consists in the payment of money only, it must be performed immediately upon the thing to be done being exactly ascertained.

18 GCA § 87123.

Title 18 of the Guam Code Annotated, Section 87123, is identical to California Civil Code Section 1657, and as such, California case law interpreting section 1657 is persuasive. See *Gibbs v. Holmes*, 2001 Guam 11, ¶15 ("[T]o the extent that the New York . . . statutes contain provisions that are . . . identical . . . to Guam's statutes, we find New York law to be persuasive). California case law shows that when "the time of payment [is not] fixed, the presumption arises that it was due and payable immediately or on demand when plaintiff's contract . . . was completed." *Hammond Lumber Co. v. Richardson Building & Engineering Co.*, 285 P. 851, 853 (Cal. 1930). See also *Winkler v. Jerrue*, 129 P. 804, 806 (Dist. Ct. App. Cal. 1912) ("no time having been agreed upon for making deferred payments, such money is to be deemed payable upon delivery of the deed"). Finally, "when no time of payment is fixed, our courts have held that a reasonable time within which to pay is inferred . . . ." *Pitzer v. Wedel* 165 P.2d 971, 974 (Dist. Ct. App. Cal. 1946). A leading treatise on the subject sums it up succinctly stating, "[if] there is no express stipulation as to the time of payment, payment to the design professional is ordinarily due upon completion of construction." 2 Steven G.M. Stein, *Construction Law* § 5.02(6)(c).

Here, it is undisputed that the contract does not provide for a time for Joseph's payment. See Decl. of Joel Joseph, DMV, Ex. 4 (Oct. 12, 2020). Dylan instead argues that the California case law is distinct from the case before us because those cases "rel[y] upon performance of a single event or limited number of events, in which case installment payments would make no sense and payment would normally he due upon completion of such a time-limited performance." See Opp'n to Pl.'s Mot. for Summ. J. (Nov. 9, 2020). Dylan further argues, "[p]rogress payments against completed work was implied and anticipated by the contract, although not specifically mentioned." *Id.*

It is undisputed that Dylan drafted the contract, and any ambiguities are to be construed against the drafter. See 18 GCA § 87120. Thus, if Dylan wanted progress payments to be a part of the contract, they could have negotiated and drafted their inclusion. However, as the contract was drafted, there was no time agreed for payments, and as such, Joseph was not obligated to pay until the project had been completed. The project was never completed, and therefore, Joseph had no obligation to pay. Dylan was not excused from performance of the contract for reasons of untimely payment as a matter of law.

### III. Whether Joseph Breached the Implied Covenant of Good Faith and Fair Dealing is a Question of Fact.

The implied covenant of good faith and fair dealing is present in all contracts. See *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937 (9th Cir. 1999). "Good faith performance . . . of a contract emphasizes faithfulness to an agreed upon common purpose and consistency with the justified expectations of the other party." Restatement (Second) of Contracts § 205(a). Further, "[t]he covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." *Marsu*, 185 F.3d at 937. The covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtal Nat'l Inc.*, 8 P.3d 1089 (Cal. 2000). Finally, whether a party breached the covenant is a question of fact for the fact finder. See *Wells Fargo Bank v. Ariz. Laborers,*

*Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 28 (Ariz. 2010).

Here, Dylan claims that Joseph breached the implied covenant of good faith and fair dealing, by refusing to "sign off on necessary documents and . . . not hav[ing] the money to pay for . . ." clearing and grubbing services, the design contract, and contracts and proposals for the engineers' fee for structural and underground plumbing drawings. See Opp'n to Pl.'s Mot. for Summ. J. (Nov. 9, 2020); See also Dep. of Dylan Mechanical Services, Inc. at 17 (Feb. 7, 2020). Joseph responds by arguing that "Dr. Joseph was not obligated to accept any or all of Dylan Mechanical's proposals or suggestions as to the project. As the project owner, he had discretion to accept or reject Dylan Mechanical's work product." See Reply in Support of Pl.'s Mot. for Summ. J. (Nov. 23, 2020). According to Joseph, courts will not impose obligations outside of the contract and "there was no specific obligation on the part of Dr. Joseph to accept any of this." *Id.*

This Court agrees that the implied covenant of good faith and fair dealing does not impose any obligations on a party that do not already exist in the contract. However, Joseph's discretion to approve or disapprove spending related to the project, was explicitly written in the contract, and thus, Joseph must use good faith when exercising that discretion. See See Decl. of Joel Joseph, DMV, Ex. 4 (Oct. 12, 2020) ("[e]ach commitment for a purchase order or contract on the project will be approved by the Owner prior to issuance."); See also *Marsu*, 185 F.3d at 937.

Dylan has alleged "[i]t is not true that Joseph told me when he first met me that he needed a bank loan to finance the construction of this kennel." See Decl. of Harold D. Cullick (Nov. 9, 2020). They further allege, "the project schedule was not in [Dylan's] control but rather Dr. Joseph's," and while Dylan "helped Dr. Joseph procure surveying services, archaeological services, and design services . . . there has not been any clearing on the property." *Id.* Further, according to Dylan, the project was in the control of Joseph, and Dylan was apprehensive that he could not afford to pay for the services procured. *Id.* It is undisputed that Joseph did eventually obtain a loan to finance the construction. Decl. of Joel Joseph, D.V.M., Ex. 29 (Oct. 12, 2020). Thus, a rational jury could conclude that Joseph did not have the necessary funds to complete the project and never made Dylan aware of that fact while negotiating and performing the contract. Such an omission could contradict both the agreed upon purpose of the contract and the justified expectations of

Dylan. The Court must view the evidence in the light most favorable to the nonmovant, and therefore, this Court finds that genuine issues of material fact exist regarding a potential breach of the implied covenant of good faith and fair dealing. Summary judgment is inappropriate on this point.

## IV. The Liquidated Damages Clause is Enforceable when the Project is Abandoned as a Matter of Law

The Guam Supreme Court has recognized the validity of liquidated damages clauses, stating "[i]t is generally agreed that a liquidated damages clause does not violate public policy when, at the time the parties enter into the contract containing the clause, the circumstances are such that the actual damages likely to flow from a subsequent breach would be difficult for the parties to estimate or for the nonbreaching party to prove. . . ." *Pangelinan v. Camacho*, 2008 Guam 4 n. 14 (*citing* 24 Richard A. Lord, *Williston on Contracts* § 65:1 (4th Ed. 2007). The Supreme Court explicitly recognized the utility of liquidated damages provisions in construction contracts. See *B.M. Co. v. Avery*, 2001 Guam 27 ¶ 39. See also *Inland Builders Corp. v. Guam Economic Development Authority*, CV0070-17 (Super. Ct. Guam, Oct. 31, 2017).

However, Dylan correctly points out that in all the above precedent "the liquidated damages involved a delay in a completed project and not abandonment." See Opp'n to Pl.'s Mot. for Summ. J. (Nov. 9, 2020). Both parties brought forth case law that suggests there is a split of authority on the issue in California, and as it appears, in the United States at large. Dylan cites a case that holds, "this clause has relation only to damages resulting from delay only, and has no bearing upon the measure of damages for an abandonment of the contract and failure to complete work at all." *Bacigalupi v. Phoenix Bldg. & Const. Co.*, 112 P. 892, 894 (Dist. Ct. App. Cal. 1910). See also *Six Companies of California v. Joint Highway Dist. No. 13 of State of California*, 311 U.S. 180 (1940).

In response, Joseph cites a later California case which holds, "the contractor's abandonment of the project *after the date set for completion* does not alone render inapplicable the contract clause providing for liquidated damages for delayed completion." *Pacific Employers Ins. Co. v. City of Berkeley,* 204 Cal. Rptr. 387, 394 (Dist. Ct. App. 1984) (emphasis added). The facts in *Pacific Employers* are distinguishable from the case

CV0436-19, Joel Joseph v. Dylan Mechanical Construction Services, Inc.
Decision and Order (Motion for Summary Judgment).

Page **7** of **9**

at bar because here, the abandonment occurred before the set completion date of the project, but it presents a compelling argument nonetheless. However, *Pacific Employers* also manages to distinguish the present case from the law cited by Dylan, stating "'... In these cases [*Bacigalupi v. Phoenix Co.* and like decisions], the plaintiff made no claim to collect liquidated damages for delay, as well as the increased cost of completing the abandoned work. They are not, therefore, authorities for the alleged rule that he cannot do so....'" *Id.* at 393 (*citing Southern Pacific Co. v. Globe Indemnity Co.,* 21 F.2d 288 (2nd Cir. 1927).

The split of authority on the issue within the United States is trending towards the allowance of liquidated delay damages in the case of abandonment. See *Construction Contracting & Management, Inc. v. McConnell,* 815 P.2d 1161, 1167 (N.M. 1991) ("[a]lthough the general rule in the early part of this century was that liquidated damages clauses were inapplicable when the contractor had abandoned the contract, by the 1940's the trend was to the contrary"); See also *Damages – Liquidated Damages – Clause Relating to Delay Held Applicable Where Contractor Abandons Work,* 52 Harv. L. Rev. 160 ("[t]hat the more probable intention of the parties is to provide compensation to the owner for loss from delay, even if caused by abandonment, finds support in the more recent cases").

Further, there is a compelling policy reason shadowing the rule which holds, "a contrary rule would permit a party to limit his liability for liquidated damages by totally abandoning the work and would deny the injured party those damages which were agreed to as fairly measuring damage caused by delay." *City of Boston v. New England Sales & Mfg. Corp.,* 438 N.E. 2d. 68, 70 (Mass. 1982). See also *Southeast Alaska Constr. Co. v. State, DOT & Public Facilities,* 791 P.2d 339 (Alaska 1990). However, in the interest of fairness, "the period of delay for which liquidated damages may be recovered must be limited to the period of reasonable delay. The injured party must act with reasonable promptness to complete the work." *Id.*

Dylan urges this Court that California cases preceding Guam's adoption of their code should control as "[w]hen Guam enacted its Civil Code, the Legislature could have considered cases such as *Bacigalupi* . . . [t]he Legislature could not have foreseen or considered the decision in *Pacific Employers*." See Opp'n to Pl.'s Mot. for Summ. J. (Nov. 9, 2020). However, regardless "[a]ccordingly, we will disregard another

jurisdiction's construction if it is ill reasoned, based on antiquated grounds, or simply inapplicable to Guam." *Custodio v. Boomprakong*, 1999 Guam 5 ¶ 11. Here, it is apparent to the Court that the recent trend is toward the allowance of liquidated delay damages in the case of abandonment, and we will not be bound to antiquated California cases.

## V. The Amount of Liquidated Damages and Whether Joseph Caused the Delays are Questions of Fact.

As stated above, "the period of delay for which liquidated damages may be recovered must be limited to the period of reasonable delay." *City of Boston,* 438 N.E. 2d. at 70. The reasonableness of the delay is a question of fact for the factfinder. *Id.* Likewise, the contract itself states, "[l]iquidated damages will be assessed at the rate of $600.00 per calendar day stating on August 2, 2019 until the Occupancy Permit is obtained *provided the Owner has not delayed progress in any way.*" Decl. of Joel Joseph, D.V.M., Ex. 4 (Oct. 12, 2020). Thus, the reasonableness of the delay, and whether Joseph had delayed progress of the construction are both questions of fact, and as outlined in Section III of this Decision and Order, a rational jury could conclude that Joseph did delay construction and thus the delay was unreasonable. Therefore, as the Court must view the evidence in the light most favorable to the nonmoving party, summary judgment as to these issues is inappropriate at this time.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Summary Judgement in part and **DENIES** Plaintiff's Motion for Summary Judgement in part.

**SO ORDERED** this ___3/2/2024___ .

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_M. Thompson_
_R. Azzara_
Date:_____ Time: _3/2/2/_
_____
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam